PEGG
v.
TREASURER
FOUNT. CO.

PEGG and Others *v.* THE TREASURER of Fountain County.

A constable's bond was given to "the treasurer of *Fountain* county," and a suit on it brought in that name. *Held*, on demurrer to the declaration, that the action could not be sustained.

The bond, in such case, should be to the county treasurer by name, and the suit in the name of the person who is treasurer when it is instituted.

ERROR to the *Fountain* Circuit Court.

Monday,
June 3.

STEVENS, J.——*Joab Pegg,* *Richardson* *Wilkinson,* *Ebenezer Franklin,* and *William C. Miller,* made their joint and several bond in the penal sum of 500 dollars, payable to the treasurer of *Fountain* county, conditioned that *Pegg* should well, truly, faithfully, and impartially, discharge the duties of constable. On this bond, the treasurer by the artificial name of treasurer, on the relation of *Edward Mace,* brought an action of debt. A demurrer setting out specially the causes of demurrer, was filed to the declaration, on which an issue in law was joined. The Court overruled the demurrer, and rendered judgment for the plaintiff.

Four causes of demurrer are set out, but this opinion will be confined to the first.

The first cause of demurrer is, that the name of the person who filled the office of treasurer of the county, at the time of making the bond and bringing the suit, does not appear upon the record; that the suit is brought in the artificial name of the treasurer of the county of *Fountain;* and that there is no corporation known to the laws of *Indiana,* authorised to sue and be sued by the artificial name of "the treasurer of the county." The statute, under which the bond in question in this suit was made, required constables to give bond with security, payable to the treasurer of the proper county, and his successors in office. It needs no argument to show, that these bonds are not made payable to a corporation by its artificial corporate name. A corporation by its corporate name can have no successors in office. Its officers have successors in office, but the corporation itself can have none. Those bonds, and the suits brought on them, must be in the individual name of the person who fills the office of treasurer of the county at the time.

No available contract can be made, or suit brought and maintained, except by some person able in law to contract and be contracted with, or to sue and be sued; and the law knows of but two kinds of persons, that is, natural and artificial, or, in other words, natural persons and corporations. The suit in this case appears to have been brought by neither. There is no such corporation or artificial person, known to our laws, as the "treasurer of the county," capable of contracting and being contracted with, or suing and being sued, by that corporate or artificial name.

As to this defect, the defendant in error insists that it cannot be taken advantage of by demurrer; that it should have been pleaded in abatement to make it available. This, we think, is not correct. It is a general rule, to which there are few exceptions, that those matters and things which appear of record need not be pleaded. The object of pleading is to bring forward new facts which do not appear: the defect here complained of, appears of record, and may properly be taken advantage of by demurrer.

We think this objection to the declaration fatal, and the demurrer should have prevailed.

*Per Curiam.*—The judgment is reversed. To be certified, &c.

D. *Wallace*, for the plaintiffs.

I. *Naylor*, for the defendant.